IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15-CR-3107 |
| vs. | MEMORANDUM AND ORDER |
| MARLON ROMERE RUPERT, JR., | |
| Defendant. | |

This matter is before the Court upon initial review of the *pro se* motion to vacate under 28 U.S.C. § 2255 (filing 43) filed by the defendant, Marlon Rupert. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906

(8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was convicted pursuant to guilty plea of one count of conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. The statutory imprisonment range was not less than 10 years nor more than life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii). The presentence report found that the defendant was a career offender under U.S.S.G. § 4B1.1, based in part on a Nebraska conviction for robbery. Filing 39 at 8, 11. Accordingly, the presentence report assessed the defendant's offense level at 37, which (after a reduction for acceptance of responsibility) combined with a criminal history category of VI for a Guidelines imprisonment range of 262 to 327 months. Filing 39 at 8, 17. The Court accepted that range, filing 42 at 1, and sentenced the defendant to 262 months' imprisonment, filing 41 at 2.

## DISCUSSION

The defendant presents two claims. First, he argues that he is entitled to resentencing pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Second, he argues that he received ineffective assistance of counsel based on his attorney's failure to challenge his career offender designation pursuant to *Johnson*. Neither argument has merit.

## *JOHNSON* VAGUENESS

The Supreme Court held in *Johnson* that the definition of "crime of violence" contained in 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague. 135 S. Ct. at 2563. The defendant's argument is based on the presence of the same language in § 4B1.2(a).

There are several problems with that argument. The most obvious is the Supreme Court's subsequent holding in *Beckles v. United States* that the Guidelines are not subject to a vagueness challenge under the Due Process Clause, and therefore that the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 892 (2017). *Beckles* squarely forecloses the defendant's claim.

Beyond that, the residual clause of § 4B1.2(a)(2) is not even implicated in this case. A crime of violence includes an offense punishable by a term of imprisonment for a term exceeding 1 year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). And under Nebraska law, "[a] person commits robbery if, with the intent to steal, he forcibly and by violence, or by putting in fear, takes from the person of another any money or personal property of any value whatever." Neb. Rev. Stat. § 28-324(1). That is a "crime of violence" under the "force clause" of § 4B1.2(a)(1). *United States v. Hicks*, 374 F. App'x 673, 673 (8th Cir. 2010).

Finally, the Court finds that the defendant waived his right to raise this argument on postconviction relief. As discussed above, the defendant's plea agreement contained a waiver of "any and all rights to contest" his conviction and sentence, "including any proceedings under 28 U.S.C. § 2255," absent specific exceptions that are not present here. Filing 25 at 5-6. And the

defendant does not contend that his entry into the plea agreement was not knowing and voluntary.

There is no question that a knowing and voluntary waiver of a defendant's right to direct appeal or collateral attack is generally enforceable. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).

A defendant cannot waive the right to challenge an illegal sentence. *DeRoo*, 223 F.3d at 923. But the "illegal sentence exception" to the general enforceability of a waiver is extremely narrow: any sentence imposed within the statutory range is not subject to collateral attack in the face of a valid waiver. *Ackerland*, 633 F.3d at 702; *see United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003) (en banc); *see also Sun Bear v. United States*, 644 F.3d 700, 705-06 (8th Cir. 2011). Accordingly, the Eighth Circuit has found that a waiver of appeal or collateral attack is valid with respect to even a constitutional challenge to a sentence, so long as the sentence falls within the statutory range. *See*, *United States v. Schulte*, 436 F.3d 849, 850-51 (8th Cir. 2006); *United States v. Young*, 413 F.3d 727, 729-30 (8th Cir. 2005).

In short, the plain language of the defendant's waiver of collateral attack encompasses the argument he raises now, and nothing in the Eighth Circuit's precedent suggests that the waiver is invalid. So, the defendant's § 2255 motion is precluded by his plea agreement.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The defendant's other argument is that his counsel was constitutionally ineffective in failing to challenge his status as a career offender based on

*Johnson*. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*.

It is difficult to conclude that counsel performed deficiently by failing to present an argument that has since been squarely rejected by the Supreme Court—and was, even at the time of sentencing, foreclosed by Eighth Circuit precedent. *See United States v. Wivell*, 893 F.2d 156, 159 (8th Cir. 1990). But even if deficient performance is assumed, it is clear that the defendant was not prejudiced, because as explained above, his *Johnson* challenge is without merit. Accordingly, his ineffective assistance claim is also without merit.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the

constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 43) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 10th day of May, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge